UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

ERNESTO RIVERA,

    Plaintiff,
vs.

DOVE INVESTMENT CORPORATION and
SHAFRITZ AND ASSOCIATES, P.A.,

    Defendants.
_____/

**COMPLAINT**
**(JURY DEMAND)**

    Plaintiff, ERNESTO RIVERA ("Rivera") sues DOVE INVESTMENT CORPORATION ("Dove") and SHAFRITZ AND ASSOCIATES, P.A. ("Shafritz") collectively (the "Defendants"), and alleges:

**Jurisdiction and Venue**

1. This is an action for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. This is an action for actual and statutory damages exclusive of costs, interest and attorney's fees.

3. This Honorable Court has jurisdiction according to 15 U.S.C. § 1692k(d).

4. Venue in this District is proper, according to 28 U.S.C. § 1391, because the Defendants transact business and the conduct complained of occurred in Miami-Dade, Florida.

**Parties**

5. Rivera is a natural person residing in Miami-Dade County, Florida.

6. Rivera is a ''consumer'' as defined by the FDCPA's § 1692a(3)

7. Dove is a "debt collector" as defined by the FDCPA's § 1692a(6) because it uses the instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

8. Shafritz is a "debt collector" as defined by the FDCPA's § 1692a(6) because it uses the instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

9. Dove is a corporation with its principal place of business in Delray Beach, Florida.

10. Shafritz is a corporation with its principal place of business in Delray Beach, Florida.

11. The debt at issue in this complaint was a "debt" as defined by the FDCPA's § 1692a(5) because it was incurred primarily for personal, family, or household purposes.

**Facts**

12. On or about December 28, 2006, Chase Bank USA filed a complaint against Rivera in Florida state court captioned *Chase Bank U S A (NA) vs. Ernesto Rivera*, Case No. 2006-028887-SP-23 (the "collection case").

13. On May 7, 2007, the court entered a default final judgment against Rivera in the amount of $2,782.19.

14. On April 23, 2008, the court entered an order dismissing the collection case for lack of prosecution. (Exhibit A).

15. On March 16, 2018, Shafritz entered a *Notice of Assignment, Appearance and Designation of E-Mail Address* where it announced that Dove was the assignee of the collection case and that Shafritz appeared on behalf of Dove. (Exhibit B).

16. On April 12, 2018, attempting to collect the debt, Shafritz sent Rivera discovery in aid of execution, including 56 requests for production, 14 interrogatories and 24 requests for

admissions. According to Defendants, Rivera must respond to the discovery within 30 days.

17. On May 15, 2018, Shafritz obtained an order vacating the order of dismissal for lack of prosecution. (Exhibit C).

18. On June 12, 2018, Shafritz filed a motion to compel responses to the discovery it propounded on Rivera on April 12, 2018. In said motion, Shafritz falsely represented that it attempted to confer in good faith with Rivera regarding the discovery responses.

19. The debt the Defendants attempted to collect was dismissed almost 10 years to the date it sent discovery to Rivera.

20. Thus, Defendants knew or should have known that it did not have the right to attempt to collect a debt from Rivera at the time.

21. Defendants took these actions intentionally or recklessly, and with a conscious disregard for Rivera's rights.

22. The above actions by Defendants cause Rivera damages, including mental anguish and emotional distress as Defendants misrepresented to Rivera that he was obligated to answer discovery for a case that was dismissed.

## COUNT I
### [Violation of the FDCPA]

23. Rivera incorporates here paragraphs 1 through 22.

24. Defendants' action listed above constituted an attempt to collect a debt or were acts in connection with an attempt to collect a debt within the meaning of the FDCPA. Specifically, these acts include the correspondence and discovery in aid of execution sent to Rivera.

25. Defendants violated sections 1692(e) and (f) of the FDCPA by misrepresenting the character, status of the debt; attempting to collect a debt not permitted by law; using false, deceptive or misleading representations or means to collect or obtain information concerning a

consumer; and engaging in conduct to harass and oppress a consumer.

26. As a result of the violations of the FDCPA, Defendants are liable to Rivera for actual and statutory damages, costs and attorney's fees.

### Prayer for Relief

27. THEREFORE, Rivera prays that this Court enter judgment against Defendants for:

    a. Actual damages according to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages, according to 15 U.S.C. § 1692k(a)(2)(A);

    c. Costs, according to 15 U.S.C. § 1692k(a)(3);

    d. Reasonable attorney's fees, according to 15 U.S.C. § 1692k(a)(3).

### Jury Demand

28. Rivera demands trial by jury.

Submitted on 2019-03-11 by:

/s/ Joey D. Gonzalez
Joey D. Gonzalez
Fla. Bar #: 127554
JOEY GONZALEZ, ATTORNEY, P.A.
P.O. Box 145073, Coral Gables, FL 33114-5073
[tel.] 305-720-3114
joey@joeygonzalezlaw.com

/s/ Leo Bueno
Leo Bueno
Fla. Bar #: 716261
LEO BUENO, ATTORNEY, PLLC
P.O. Box 141679, Coral Gables, FL 33114-1679
[tel.] 305-669-5260
Leo@BuenoLaw.com

Attorneys for Plaintiff