IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 1:19-cv-20934-JEM

ERNESTO RIVERA,
    Plaintiff,
v.
DOVE INVESTMENT CORP., and
SHAFRITZ & ASSOCIATES, PA,
    Defendants.
_____/

## RESPONSE TO DEFENDANTS' MOTION TO DISMISS

This is Plaintiff Ernesto Rivera's ("Rivera") response to Defendants' Dove Investment Corp. ("Dove") and Shafritz & Associates, PA's ("Shafritz") motion to dismiss [DE 9] his complaint [DE 1].

**I. BACKGROUND**

The gist of Rivera's claim is that Dove and Shafritz attempted to collect a debt using a then-dismissed state court case. Rivera contends that while the case was dismissed Dove and Shafritz did not have the legal right to seek post-judgment discovery against him. Their discovery attempt also misrepresented to Rivera that Defendants had the authority to seek such discovery.  They then doubled-down and sought to compel Rivera to answer the discovery they initially had no authority to propound. As a result, Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (''FDCPA'').

A copy of the subject discovery, i.e., requests for admissions, request for production and interrogatories, is attached to this response as exhibits A, B and C respectively. *See*, e.g., Financial Security Assurance Inc. v. Stephens, Inc., 450 F.3d 1257 (11th Cir. 2006) (permitting extrinsic documents when considering motion to dismiss). Rivera's case is predicated solely on those discovery attempts, which predated the state court's order dated 15 May 2018 vacating the

dismissal [DE 1-3, Complaint exhibit C].

## II. STANDARD OF REVIEW

### A. *Iqbal* and *Twombly*

Rivera generally agrees with Dove and Shafritz' characterization of the standard this Honorable Court should employ in analyzing the subject motion to dismiss. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to `state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). *See* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Although this pleading standard "does not require `detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (alteration added) (*quoting* Twombly, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555 (citation omitted), and must provide sufficient facts to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," id. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679 (*citing* Twombly, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (alteration added) (*citing* Twombly, 550 U.S. at 556).

Rivera contends that his complaint satisfies the Iqbal and Twombly requisites. The complaint specifically alleges the facts upon which it is predicated: attempting to obtain post-judgment discovery on a then-dismissed case.

### B. Least Sophisticated Consumer Standard

When analyzing Defendants' collection communications against the FDCPA's § 1692e, particularly in this case their directive that Rivera give them discovery (and implying that they then had the right to seek such discovery), the Court needs to apply the "least sophisticated consumer" standard. Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985). This is an objective standard that scrutinizes the language in question for its tendency "'to mislead the least sophisticated'" consumer, in order to give effect to the FDCPA's purpose of protecting consumers. Id., at 1175 (quoting Wright v. Credit Bureau of Ga., Inc., 548 F.Supp. 591, 599 (N.D. Ga. 1982). Courts may assume, however, that the least sophisticated consumer will "possess a rudimentary amount of information about the world" and will not make "unreasonable misinterpretations." Rivera v. Amalgamated Debt Collection Servs., 462 F. Supp. 2d 1223, 1227 (S.D. Fla. 2006) (quotations omitted).

Discussing the Federal Trade Commission Act, which guided its adoption of the "least sophisticated consumer" standard for the FDCPA, the Jeter court explained why perspective matters:

> That law was not "made for the protection of experts, but for the public-that vast multitude which includes the ignorant, the unthinking, and the credulous," *Florence Mfg. Co. v. J.C. Dowd & Co.*, 2 Cir., 178 F. 73, 75 [ (1910) ]; and the "fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced."

Jeter, 760 F.2d 1168, at 1172-1173; accord, e.g., LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

> The test is objective, and asks whether there is a reasonable likelihood that an unsophisticated consumer who is willing to consider carefully the contents of a communication might yet be misled by them. *See Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 592 (6th Cir. 2009). Truth is not always a defense under this test, since sometimes even a true statement can be misleading. *Id*. at 591-92.

(A familiar example is "Captain sober today," written in the ship's log about a captain who never drinks.)

Grdn v. Leikin Ingber & Winters, PC, 643 F.3d 169, 172 (6th Cir. 2011).

As Defendants acknowledge [Motion at 5, ¶ 29], the 11th Circuit in LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010), reaffirmed the applicable standard:

> We employ the "least-sophisticated consumer" standard to evaluate whether a debt collector's communication violates § 1692e of the FDCPA. Jeter, 760 F.2d at 1175-77. In adopting the "least-sophisticated consumer" standard, we took into account the purposes of the FDCPA, the general jurisprudence concerning § 5 of The Federal Trade Commission Act ("FTC" Act), and the prior FTC enforcement in the debt collection area. Jeter, 760 F.2d at 1174. Because we thought the FDCPA sought to grant consumers *more* protection, we viewed the FDCPA as an expansion of the protections provided by previously existing federal legislation and regulation. Id. Accordingly, we rejected the "reasonable consumer" standard in favor of the "least-sophisticated consumer" standard[.]

This standard will be crucial to Rivera's defeating Defendant's first argument: that it had the right to seek the discovery at issue because a case that has proceeded to judgment cannot be dismissed for want of prosecution. [Motion at 4-5].

The least sophisticated consumer standard applies to both § 1692e and § 1692f. "Section 1692f generally prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Whether conduct qualifies as unfair or unconscionable is assessed objectively from the point of view of the 'least sophisticated consumer.'" Miljkovic v. Shafritz & Dinkin, P.A., 791 F.3d 1297, 1308 (11th Cir. 2015)

**III. DEFENDANTS' ARGUMENTS**

We will address Defendants' arguments in the order in which they appear in the motion. [DE 9].

**A. Pursuant To Florida Law, An Action Cannot Be Dismissed For Want Of Prosecution After Judgment Is Entered: But That Is Not The Issue**

For purposes of the subject motion, let's assume the correctness of the legal proposition

that a state court case that has proceeded to judgment cannot be dismissed for want of prosecution. The problem for Defendants is that the folk writing and reading this response to their motion are trained legal professional, not least sophisticated consumers.

Defendants cannot challenge the record evidence: the collection case stood dismissed for lack of prosecution when they sought post-judgment discovery. The best they can do now is challenge the legal correctness of the dismissal. Rivera's contention is a practical one: Defendants jumped the gun. They could have *first* set-aside the dismissal and *then* sent the discovery in question. Also, instead of compelling the response to the ill-timed discovery, the should have given Rivera the opportunity to respond to the discovery after vacating the dismissal, instead of seeking the state court on him.   If so, we would not be here. But Defendants did their collecting chronologically backwards.

Let's look at Defendant's position another way. If it was so clear that they had the right to seek discovery, why did they bother to set aside the dismissal? [DE 1-3, Complaint exhibit C]. It was clearly not obvious to Defendants whether they had the right to go forward on a dismissed case. We suggest that if it was not clear to Defendants that they had such right, then it necessarily was not clear to the least sophisticated consumer.

**B. Plaintiff Alleges Collection Activity Than Can Be Considered Misleading, False, Or Deceptive**

Defendants appear to be making a materiality argument conflated with a "cure" argument, i.e., that because the state court vacated the dismissal, Defendants had the right to engage in discovery before the dismissal was vacated. [DE 9, Motion at 5-7]. Before addressing their contention, let's recall that implied misrepresentations violate the FDCPA just as well as explicit ones:

> Section 1692e of the FDCPA prohibits debt collectors from using "any

> false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e; Sparks v. Phillips & Cohen Assocs., Ltd., 641 F.Supp.2d 1234, (6th Cir.2008) (explaining the "gist of § 1692e" as a requirement that any "aspect of a debt collector's communication - ***whether explicit or implied*** - [that] has the purpose or effect of making a debtor more likely to respond …" is, in fact, true.) More specifically, within the non-exhaustive list of potential violations of Section 1692e, Subsection 1692e(5) prohibits a debt collector from "threatening to take action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

LeBlanc v. Unifund CCR Partners, 601 F.3d at 1193 (bold italics added). The attempted discovery explicitly or clearly implied that Rivera was looking down the barrel of a pending and active court case.

### 1. Materiality

Defendants cite several cases for a proposition with which we do not generally disagree (even if the 11th Circuit does not seem to have explicitly ruled on it): non-material misrepresentation do not violate the FDCPA. [DE 9, Motion at 6, ¶ 32]. However, Defendants extend their argument too far.

For example, for the proposition that "a technically false statement does not give rise to an actionable cause under the FDCPA without the requisite influence over a consumer's ability to challenge the debt[]" [DE 9, Motion at 6, ¶ 36], Defendants cite to Wahl v. Midland Credit Mgmt., 556 F.3d 643, 645-646 (7th Cir., 2009). But Defendants rely on Wahl's materiality concept too broadly:

> If a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA--even if it is false in some technical sense. For purposes of § 1692e, then, a statement isn't "false" unless it would confuse the unsophisticated consumer. *See Turner*, 330 F.3d at 995 ("[O]ur test for determining whether a debt collector violated § 1692e is objective, turning not on the question of what the debt collector knew but on whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer."). So, while the FDCPA is a strict liability statute--a collector "need not be deliberate, reckless, or even negligent to trigger liability," *Ross v. RJM*

> *Acquisitions Funding LLC*, 480 F.3d 493, 495 (7th Cir. 2007)--the state of mind of the reasonable debtor is *always* relevant. The upshot? Wahl can't win simply by showing that Midland's use of the term "principal balance" is false in a technical sense; she has to show that it would mislead the unsophisticated consumer.

Wahl v. Midland Credit Mgmt., 556 F.3d at 645-646 (applying the slightly different "unsophisticated consumer" standard). Defendants point the finger to the state court as the source of the "technical error of record" [DE 9, Motion at 6, ¶ 35], but the error is theirs. We have not found a case that explicitly says something like "sending discovery on a dismissed case misleads the consumer", but we cannot see how wrapping a collection attempt with the imprimatur of a judicial proceeding can do nothing but mislead a consumer into thinking that he/she is facing the state's judicial machinery, so he/she better comply with the discovery or pay up. We suggest that flooding a consumer with highly intrusive personal discovery on a dismissed case is far from the sort of "technical violation", for example, at issue in Wahl, *Id.*, where a collector accurately identified the amount of the debt collected, even though it mischaracterized the "principal balance" because it included interest and fees.

### 2. Cure

We suspect that because they can't, Defendants cite to no authority for the proposition that the state court's *subsequent* act of vacating the dismissal somehow legitimized their collection attempt while the case was dismissed, i.e., that the subsequent act cured the FDCPA violation. We suggest that the law is otherwise; Defendants' cannot un-ring the FDCPA bell. *See* e.g., Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1032 n.1 (9th Cir. 2010) (cannot correct offending FDCPA complaint by amendment); Kaymark v. Bank of America, N.A., 783 F.3d 168, 182 n.3 (3rd Cir. 2015) ("We agree that simply because a complaint is amendable is not a justification for removing it from the protections of the FDCPA."); Lipscomb v. Raddatz Law Firm, P.L.L.C., 109 F. Supp. 3d 251, 263 (D.C. Cir. 2015) ("Were it otherwise, defendants could

make whatever false and deceptive statements they liked and escape liability by simply correcting them after a tenant identified the error or by pointing out that a tenant failed to do so."); Arroyo v. Solomon & Solomon, P.C., 2001 U.S. Dist. LEXIS 21908, *38, 2001 WL 1590520 (E.D.N.Y. 2001) ("It is thus clear that under typical circumstances, a debt collector cannot cure a violation of § 1692e.")

### C. Plaintiff's Averment Do Not Contradict Documents Referred To In The Complaint

Paragraph 18 in Rivera's 's complaint alleges that on June 12, 2018, Defendants filed a motion to compel the discovery they propounded on him on April 12, 2018. Referring to this paragraph, Defendants claim that "Plaintiff has levied an allegation that is patently false and clearly contradicted by the documents referred to in the Complaint but omitted by Plaintiff", [Motion at 8, ¶ 47], and that "there is authority for the Court to review [their motion to compel]". [Id. at ¶ 44]. Defendants misconstrue Rivera's allegations. First, despite their claims to the contrary, Defendants did not attempt to confer with Rivera *before* filing their motion to compel.

Second, and although we agree with the Defendants that the state court could entertain their motion just as any other at any time, Defendants fail to address the alleged offending conduct: that their motion was predicated on their attempt to force Rivera to respond to discovery they had no right to issue in the first place (because the case was dismissed). This again was another attempt to mislead Rivera into believing there was a pending court action against him. *See* McMillen v. Syndicated Office Sys. (In re McMillen), 440 B.R. 907, 914 (Bankr. N.D. Ga. 2010) ("violations of § 1692e(5) most often involve debt collector communications with consumers that directly threaten or intimate a threat of legal action against the consumer.").

### D. Defendant Dove Investment Corp Is A "Debt Collector" As Defined By the FDCPA

Defendants cite the Supreme Court's <u>Henson v. Santander Consumer USA Inc.</u>, 137 S.Ct. 1718,1719 (2017) decision for a proposition that it does not hold: that a debt-buyer like Dove is not a debt collector subject to the FDCPA because it is the assignee-owner of the debt in question. Simply put, the Supreme Court did not address that issue. Let's first look at the textual definition of debt collector under the FDCPA:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the **principal purpose** of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C § 1692a(6) (bold emphasis added). Now let's look at the relevant allegations: "Dove is a 'debt collector' as defined by the FDCPA's § 1692a(6) because it uses the instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts." [DE 1, Complaint, ¶ 7]. Rivera has alleged that Dove fits the first prong of the definition, i.e., that Dove's principal business is the collection of debts.

And finally, let's see how the Supreme Court dealt . . . not . . . with Dove's argument:

> Before attending to that job, though, we pause to note two related questions we do not attempt to answer today. First, petitioners suggest that Santander can qualify as a debt collector not only because it regularly seeks to collect for its own account debts that it has purchased, but also because it regularly acts as a third party collection agent for debts owed to others. Petitioners did not, however, raise the latter theory in their petition for certiorari and neither did we agree to review it. Second, the parties briefly allude to another statutory definition of the term "debt collector"—one that encompasses those engaged "in any business the principal purpose of which is the collection of any debts." §1692a(6). But the parties haven't much litigated that alternative definition and in granting certiorari we didn't agree to address it either.

<u>Henson v. Santander Consumer USA Inc.</u>, 137 S. Ct. 1718, 1721, 198 L. Ed. 2d 177, 180, 2017 U.S. LEXIS 3722, *5-6, 85 U.S.L.W. 4346 (2017). Obviously Rivera's complaint predicates his

claim that Dove is a debt collector on the "principal purpose" prong of the FDCPA's debt collector definition. We have found no 11th Circuit precedent interpreting the "principal purpose" prong, but the 7th Circuit has, in Tepper v. Amos Fin., LLC, 898 F.3d 364 (7th Cir. 2018).

In Tepper, a debt buyer like Dove attempted to exclude itself from the FDCPA based on Henson. The court tersely put it thus:

> The Act does not apply, however, to all entities who collect debts; only those whose principal purpose is the collection of any debts, and those who regularly collect debts owed another are subject to its proscriptions. Those entities whose principal business is to collect the defaulted debts they purchase seek to avoid the Act's reach. We believe such an entity is what it is—a debt collector. If so, the Act applies.

Id. at 365. Rivera's allegations mirror the Tepper court's analysis: Dove is a debt collector subject to the FDCPA because its principal business is the collection of purchased debts in default.

**E. Documents Filed In Legal Actions Are Considered "Communications" under the FDCPA**

Citing D'Altilio v. Cohen, 2018 U.S. Dist Lexis 181593, 2018 WL 5263972 (S.D.Fla. October 23, 2018, appeal filed 11/26/2018), Defendants argue that post-judgment discovery is categorically excepted from the FDCPA. [DE 9, Motion at 11, ¶ 64]. Again, Defendants overreach. At first blush, D'Altilio *appears* to stand for the proposition for which Defendants cite it, especially since it dealt with post-judgment discovery:

> Defendant mailed to Plaintiff discovery interrogatories in aid of execution to collect on the debt, and subsequently mailed a Motion for Contempt to Plaintiff to compel a response to the prior discovery request. [*Id.* ¶¶ 12, 13]. Plaintiff filed suit in this Court, alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Defendant now moves to dismiss, arguing that Plaintiff lacks the requisite standing to pursue a claim under the FDCPA and that Plaintiff has failed to state a claim under the FDCPA. [ECF No. 8 at 2].

Id. at 2018 U.S. Dist. LEXIS 181593, *1-2. More precisely:

> Plaintiff bases his claim on a provision of the FDCPA, which reads:
>
> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.
>
> 15 U.S.C. § 1692e(11). Plaintiff contends that Defendant violated his statutorily conferred right to a disclosure warning when Defendant failed to include this warning in its interrogatories and Motion for Contempt.

D'Altilio v. Cohen, 2018 U.S. Dist. LEXIS 181593, *4-5, 2018 WL 5263972. A closer reading of the case reveals the fallacy in Defendants' argument: D'Altilio dealt with the pleading *exception* to the warning notice required by § 1692e(11), a claim Rivera does not make. In other words, D'Altilio dealt only with the "formal pleading" exception to § 1692e(11) debt collection warning requirement, nothing more and nothing less.

So in § 1692e(11) Congress carved a limited exception to the FDCPA's coverage, just as it did in § 1692g(d), where the FDCPA carves an exception to the "initial communication" notice required by § 1692g(a): "A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a) of this section." 15 U.S.C. § 1692g(d). Defendants' contention would eviscerate even the FDCPA's venue limitation:

> Any debt collector who brings any legal action on a debt against any consumer shall –
>
> > (1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a

>judicial district or similar legal entity in which such real property is located; or
>(2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity --
>
>>(A) in which such consumer signed the contract sued upon; or
>>(B) in which such consumer resides at the commencement of the action.

5 U.S.C. § 1692i(a). Yet Defendants seek to expand D'Altilio to effectively say that *all* papers filed in a state court debt collection case are exempt from the FDCPA's coverage.

As shown above, such expansion would fly in the face of the FDCPA's text. It would also run counter to established precedent which holds that litigation activity is subject to the FDCPA. *See*, e.g., Freyermuth v. Credit Bureau Servs., Inc., 248 F.3d 767, 771 (8th Cir. 2001) (debt collector violates the FDCPA when it threatens or pursues litigation "to collect on a potentially time-barred debt that is otherwise valid"); Goins v. JBC & Assoc., 352 F. Supp. 2d 262 (D. Conn. 2005); Shorty v. Capital One Bank, 90 F. Supp. 2d 1330 (D.N.M. 2000); Kimber v. Federal Financial Corp., 668 F. Supp. 1480 (M.D. Ala. 1987). Any doubt about the FDCPA's coverage of collection attorneys and their attempts to collect debts through litigation was removed by the United States Supreme Court in Heintz v. Jenkins, 514 U.S. 291 (1995). In Heintz, the Court unanimously concluded that the FDCPA "does apply to lawyers engaged in litigation," id. at 294. Ever since Heintz, it has been clear that "all litigation activities, *including formal pleadings*, are subject to the FDCPA," with certain limited exceptions, as shown above. Sayyed v. Wolpoff & Abramson, 485 F.3d 226, 231 (4th Cir. 2007) (emphasis added); *see* id. at 228 ("The FDCPA clearly defines the parties and activities it regulates. The Act applies to law firms that constitute debt collectors, even where their debt-collecting activity is litigation.").

More specifically, the "the vast majority of courts have concluded that the broad

[FDCPA] statutory language applies to documents filed in legal proceedings." Hartman v. Asset Acceptance Corp., 467 F. Supp. 2d 769, 779 (S.D. Ohio 2004). *See,* e.g., Miller v. Wolpoff & Abramson, 321 F.3d 292 (2d Cir. 2003) (verified complaint filed in state collection action); Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (complaint in state-court bad check action falsely alleging collector was "subrogated" to rights of creditor); Delawder v. Platinum Fin. Servs. Corp., 443 F. Supp. 2d 942 (S.D. Ohio 2005) (complaint and affidavit); Jacquez v. Diem Corp., 2003 WL 25548423 (D. Ariz. 2003) (writ of garnishment signed by debt collector); Campos v. Brooksbank, 120 F. Supp.2d 1271 (D.N.M. 2000) (fee affidavit and deposition notice); Tomas v. Bass & Moglowski, P.C., 1999 U.S. Dist. LEXIS 21533 (W.D. Wis. 1999) (summons and complaint filed in state replevin action). We need look no further than to one of the cases cited by Defendants in their motion [DE 9, Motion at 12, ¶ 68], Miljkovic v. Shafritz & Dinkin, P.A., 791 F.3d 1297 (11th Cir. 2015):

> The threshold issue is the extent to which the FDCPA applies to the activities of debt-collector attorneys. The district court concluded and Appellees argue on appeal that the FDCPA does not apply to representations made in "formulaic procedural filings" or to communications directed only to the consumer's attorney, rather than to the consumer himself. We disagree. The statutory text is entirely clear: the FDCPA applies to lawyers and law firms who regularly engage in debt-collection activity, even when that activity involves litigation, and categorically prohibits abusive conduct in the name of debt collection, even when the audience for such conduct is someone other than the consumer. The plain language of the FDCPA is conclusive here, and so we must do no more than enforce the Act according to its terms. *See United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S. Ct. 1026, 1030, 103 L. Ed. 2d 290 (1989). We therefore decline to read into the Act those exceptions urged by Appellees and find that Appellees' conduct before the state court is actionable
> under the FDCPA.

Miljkovic not only expands the FDCPA's reach to litigation activity directed to consumers, but also to the consumers' lawyers.

**F. Violation Of § 1692f Alleged**

In addition to specifically enumerated violations, the FDCPA's § 1692f provides generally: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." We agree with Defendants' assertion that § 1692f is not intended to cover all collection affronts under the sun. We can't say that Defendants' conduct at issue is "unconscionable", however we submit that sending Rivera extensive discovery on a dismissed case was "unfair".

In <u>Miljkovic v. Shafritz & Dinkin, P.A.</u>, <u>Id.</u> at 1308 (citation omitted), the court noted that "[t]he Act does not supply definitions for "unfair" or "unconscionable," so we turn to the common usage of the words to determine their meaning. 'Unfair' is defined as 'marked by injustice, partiality, or deception.' Merriam Webster's Collegiate Dictionary 1290 (10th ed. 1996)[.]" The court indicated that "[i]n order to proceed under § 1692f, Appellant is still required to allege facts showing that the least sophisticated consumer would or could view Appellee's sworn reply as partial and unjust or as unscrupulous and unethical." <u>Id.</u> We suggest that Defendants' conduct fits the bill. The extensive discovery sought unfairly burdened Rivera. Such conduct exceeded the referenced illustrative legal disagreement. We thus suggest it violated § 1692f.

**G. Plaintiff's Complaint Should Not Be Dismissed For Lack Of Subject Matter Jurisdiction**

Defendants vituperative assertion that "Plaintiff levies scandalous and conclusory statements about informational injury and nonsensical notions regarding stress and anguish[]" [DE 9, Motion at 15, ¶ 84], does not negate Rivera's allegations that he suffered emotional distress and mental anguish as a result of their collection conduct [DE 1, Complaint at 3, ¶ 22].

Neither does Defendants' claim that Rivera is required a certain level of particularity or concreteness to allege proper standing under Article III. [Motion at 15, ¶ 85].

These are the type of concrete injury for which the FDCPA offers redress:

> The FDCPA also allows a plaintiff to recover "any actual damage sustained" as a result of a violation of the statute. 15 U.S.C. § 1692k(a)(1). Actual damages under the FDCPA include damages for emotional distress. *Johnson v. Eaton*, 80 F.3d 148, 152 (5th Cir. 1996) (noting that the FDCPA not only requires that the debt collector compensate the debtor for any monetary damages, but also for "emotional distress or other injury that the debtors can prove the debt collector caused.").

Minnifield v. Johnson & Freedman, LLC, 448 Fed. Appx. 914, 916-917 (11th Cir. 2011).

Defendants' claim has been rejected before by this court. See Alderman v. GC Servs., Ltd. P'ship, No. 2:16-CV-14508, 2017 U.S. Dist. LEXIS 204889, at *4 (S.D. Fla. Dec. 13, 2017).:

> Defendant argues that Plaintiff does not have standing to pursue his FDCPA claims because he has not alleged a concrete injury other than Defendant's facial violation of the FDCPA statute, citing to *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016) (holding that a bare procedural violation, without more, does not confer standing upon a plaintiff). This is an argument that has been raised many times, and rejected many times, in this district…. Courts in this district routinely conclude that FDCPA plaintiffs have standing, even when the plaintiff has not suffered an injury in the conventional, financial, sense.

See also Espinoza v. Credit Corp Sols., No. 17-CV-23880-PCH, 2018 U.S. Dist. LEXIS 23593, at *5-6 (S.D. Fla. Feb. 12, 2018).:

> Numerous decisions in this Circuit since *Spokeo* have adjudged FDCPA violations as violations of Congressionally created substantive rights conveying standing to sue. *Alderman v. GC Servs. Ltd. P'ship*, No. 2:16-CV-14508, 2017 U.S. Dist. LEXIS 204889, 2017 WL 6371325, at *2 (S.D. Fla. Dec. 13, 2017); *see also Castellanos v. Portfolio Recovery Assocs., LLC*, No. 1:17-CV-20593-UU, 297 F. Supp. 3d 1301, 2017 U.S. Dist. LEXIS 191931, 2017 WL 5514368, at *4 (S.D. Fla. Nov. 3, 2017) ("[D]ebtors have Article III standing where they allege technical FDCPA violations because the FDCPA creates various substantive rights on behalf of debtors contacted by debt collectors."); *Church v. Accretive Health, Inc.*, 654 Fed.Appx. 990 (11th Cir. 2016) (per curiam) (holding violation

of the information disclosure requirements of the FDCPA confers standing, even when no "actual damages" are pleaded); *Hall v. Glob. Credit & Collection Corp.*, No. 8:16-CV-1279-T-30AEP, 2016 U.S. Dist. LEXIS 111906, 2016 WL 4441868, at *1 (M.D. Fla. Aug. 23, 2016) (holding plaintiff's allegation that defendant-creditor's communication contained false and misleading information in violation of the FDCPA was sufficient to establish standing); *Dickens v. GC Servs. Ltd. P'ship*, No. 8:16-CV-803-T-30TGW, 2016 U.S. Dist. LEXIS 94621, 2016 WL 3917530 (M.D. Fla. July 20, 2016) (explaining plaintiff's allegation that he was not informed by defendant of a requirement to exercise certain rights in writing, in violation of the FDCPA, conferred standing to sue).

Accordingly, Rivera has alleged sufficient, concrete and redressable injury which grants him Article III standing to prosecute his case against Dove and Shafritz.

## VI. CONCLUSION

Plaintiff asks this Honorable Court to deny Defendants' motion.

Respectfully submitted on 6 May 2019.

/s/ Leo Bueno
Leo Bueno,  Fla. Bar #: 716261
LEO BUENO, ATTORNEY, PLLC
P.O. Box 141679, Coral Gables, FL 33114-1679
[tel.] 305-669-5260
Leo@BuenoLaw.com

/s/ Joey D. Gonzalez
Joey D. Gonzalez, Fla. Bar #: 127554
JOEY GONZALEZ, ATTORNEY, P.A.
P.O. Box 145073, Coral Gables, FL 33114-5073
[tel.] 305-720-3114
joey@joeygonzalezlaw.com
Attorneys for Plaintiff

Z:\- - - CLIENT FILES - - -\Rivera Ernesto 0415 [Dove and Shafritz]\Motions\RIVERA ERNESTO Response To Motion To Dismiss.docx