UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 19-20934-CIV-MARTINEZ-OTAZO-REYES

ERNESTO RIVERA,

    Plaintiff,

vs.

DOVE INVESTMENT CORP., and
SHAFRITZ & ASSOCIATES, PA,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss, [ECF No. 9]. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants assert that Plaintiff's Complaint fails to state a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). The Court has considered the Motion, Plaintiff's Response in Opposition thereto, [ECF Nos. 12][1], and is otherwise fully advised in the premises. After careful review, the Motion is granted in part and denied in part.

### I. Factual Background

On or about December 28, 2006, Chase Bank USA filed a collection complaint against Plaintiff in Florida state court. *See Chase Bank USA (NA) v. Ernesto Rivera*, Case No. 2006-028887-SP-23. On May 7, 2007, a default final judgment, amounting to $2,782.19, was entered

---

[1] Defendants did not file a reply.

against Plaintiff. On April 23, 2008, the state court entered an order dismissing the collection action for lack of prosecution.

Almost ten years later, on April 12, 2018, Defendant Shafritz entered a "Notice of Assignment, Appearance, and Designation of E-Mail Address" on behalf of Defendant Dove Investment Corporation, indicating that Dove was the assignee of the collection default judgment. In an attempt to collect the debt, Defendant Shafritz sent Plaintiff discovery in aid of execution, including fifty-six requests for production, fourteen interrogatories, and twenty-four requests for admissions. Approximately one month after propounding such discovery requests, Defendant Shafritz obtained an order vacating the state court's order of dismissal for lack of prosecution.

Plaintiff brings suit under the FDCPA, arguing that because the debt Defendants attempted to collect was dismissed ten years prior, Defendants knew or should have known that they did not have the right to attempt to collect the debt from Plaintiff at the time they did so. Therefore, according to Plaintiff, Defendants violated sections 1692(e) and (f) of the FDCPA by: (1) misrepresenting the character or status of the debt; (2) attempting to collect a debt not permitted by law; (3) using false, deceptive or misleading representations or means to collect or obtain information concerning a consumer; and (4) engaging in conduct to harass and oppress a consumer. [ECF No. 1 at 3–4].

### **II. Legal Standard**

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a

complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and the exhibits attached thereto, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity."). As a general rule, "[i]n ruling on a motion to dismiss, the court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff." *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986). Nonetheless, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

### III. Discussion

The FDCPA is a consumer protection statute intended to "'eliminate abusive debt collection practices,' to ensure that 'debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged,' and 'to promote consistent state action in protecting consumers against debt collection abuses.'" *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1312–13 (11th Cir. 2015) (quoting 15 U.S.C. § 1692(e)). The Act regulates the conduct of debt collectors in part by granting consumers a private right of action against them. *See Kurtzman v. Nationstar Mortgage LLC*, 709 F. App'x 655, 658 (11th Cir. 2017); *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014).

Defendants assert that Plaintiff has failed to set forth a cause of action under the FDCPA for a litany of reasons. The Court addresses those most pertinent.

A. <u>The State Court Action and Plaintiff's Failure to Allege Misleading, False, or Deceptive Activity</u>

As previously discussed, the only activity Plaintiff asserts as a violation of the FDCPA is the discovery sent to him by Defendants ten years after the state court action was dismissed for failure to prosecute. Plaintiff contends that because the action was dismissed, Defendants had no right—and knew they had no right—to collect on the judgment. As such, according to Plaintiff, Defendants' actions were deceptive, false, and misleading under the statute.

Defendants argue that under Florida law, an action cannot be dismissed for want of prosecution after a judgment is entered—i.e, the state court acted in error. This error was later corrected when the state court vacated the dismissal. Therefore, according to Defendants, they in fact had the right to attempt to collect the debt. Accordingly, any claims of deception, falsity, or misleading conduct necessarily fail.

In evaluating claims under both § 1692e and § 1692f of the FDCPA, the Court employs the "least sophisticated consumer" standard. *See Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1297, 1308 (11th Cir. 2015). "The inquiry is not whether the particular plaintiff-consumer was deceived or mislead; instead, the question is whether the 'least sophisticated consumer' would have been deceived by the debt collector's conduct." *LVNV Funding, LLC*, 758 F.3d at 1258 (quotations omitted). The standard accounts not just for experts, but the public at large—"the vast multitude which includes the ignorant, the unthinking, and the credulous." *Id.* at 1259 (quotations omitted). Nonetheless, courts may assume that the least sophisticated consumer will "possess a rudimentary amount of information about the world" and will not make "unreasonable

4

misinterpretations." *Rivera v. Amalgamated Debt Collection Servs.*, 462 F. Supp. 2d 1223, 1227 (S.D. Fla. 2006) (quotations omitted).

Assuming that Defendants are correct that the state court erred in dismissing the default judgment for want of prosecution, the issue is that at the time the discovery was propounded, the dismissal had not yet been vacated. Therefore, at that time, Defendants arguably did not have the right to pursue enforcement of the judgment. Asserting such a right when it did not exist at the time may very well constitute false, deceptive, or misleading communications, especially to the least sophisticated consumer. At this juncture in the proceedings, and with all facts and inferences viewed in the light most favorable to Plaintiff, the Court finds that Plaintiff has stated sufficient facts to assert a claim under the FDCPA.

B. Dove Investment Corporation is not a "debt collector" under the FDCPA.

The requirements of the FDCPA apply only to "debt collectors," which are defined under the Act as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6). To state an FDCPA claim against Defendant Dove, Plaintiff must plausibly allege sufficient factual content to enable the Court to draw a reasonable inference that Defendant Dove meets the FDCPA's definition of "debt collector" and is thus subject to the Act. *See Kurtzman*, 709 F. App'x at 658–59.

Plaintiff's Complaint, however, contains no factual content that would enable the Court to do so. The sole factual allegation in Plaintiff's Complaint regarding Defendant Dove's potential status as a debt collector only asserts that Defendant "uses the instrumentalities of interstate

commerce or the mails in a business the principal purpose of which is the collection of debts." Compl. ¶ 7, [ECF No. 1 at 2]. This is a conclusory, formulaic recitation of the statutory language, and the Court need not assume it is true. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Twombly*, 550 U.S. at 555 (noting that "labels and conclusions" are insufficient to survive a 12(b)(6) motion to dismiss).

Accordingly, Plaintiff's claims against Defendant Dove are due to be dismissed. Nonetheless, the Court will grant Plaintiff leave to amend the Complaint to fix the deficiencies therein.

### IV. Conclusion

Accordingly, after careful consideration, it is hereby:

**ORDERED AND ADJUDGED** that

1. Motion to Dismiss, [ECF No. 9], is **GRANTED IN PART AND DENIED IN PART.** Plaintiff shall file an Amended Complaint **on or before May 1, 2020.** Failure to do so shall result in the dismissal of Defendant Dove Investment Corporation with prejudice.

DONE AND ORDERED in Chambers at Miami, Florida this 16th day of April 2020.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record

6