## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

ERNESTO RIVERA              }
           Plaintiff     }
                }
v.                    }       Case No. 1:19-cv-20934-JEM
                }
DOVE INVESTMENT CORP., and  }
SHAFRITZ & ASSOCIATES, PA   }
                }
          Defendants.  }

### DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

Defendants DOVE INVESTMENT CORP. and SHAFRITZ & ASSOCIATES, PA, ("Defendants"), by their undersigned attorneys, respectfully moves this Court to dismiss Plaintiff ERNESTO RIVERA's ("Plaintiff') First Amended Complaint and action pursuant to Fed.R.Civ.P. 12(b)(6). In support of said motion, Defendant states as follows:

### INTRODUCTION

1. Plaintiff filed an amended complaint in this action on April 29, 2020. Defendant now moves to dismiss Plaintiff's First Amended Complaint because he fails to allege a basis for relief against Defendants, and fails to state a claim upon which relief can be granted.

2. Plaintiff's First Amended Complaint is based upon alleged violations of 15 USC §1692(e) and (f).

3. Plaintiff alleges that Chase Bank USA, NA sued Plaintiff in Florida State Court, case number 06-28887-SP-23 in the County Court in and for Miami-Dade County ("state court case"), for which judgment was entered on May 7, 2007.

4. Plaintiff alleges that on April 23, 2008, almost a year after judgment was entered, that the

state court case was dismissed for want of prosecution pursuant to Rule 7.110(d) of the Florida Rules of Civil Procedure.

5. Plaintiff alleges that on March 16, 2018, Defendants filed and served on him, a Notice of Assignment, Appearance, and Designation of Email address in the aforementioned state court case. A copy was attached to the First Amended Complaint as Exhibit "D."

6. Plaintiff alleges that on April 12, 2018, Defendants propounded on him post-judgment discovery in aid of execution. However, Plaintiff did not attach a copy to the First Amended Complaint.

7. Plaintiff alleges the state court vacated the Order of Dismissal on May 15, 2018, and attached a copy of the Memorandum of Disposition entered by the State Court Judge to the First Amended Complaint as exhibit "E."

8. Plaintiff further alleges that after he failed to respond to the discovery propounded in aid of execution, that Defendants sought an Order to compel his responses to said discovery, and that Defendants falsely claimed to have attempted to confer with Plaintiff regarding the discovery responses in Defendants' Motion to Compel Responses to Discovery.

9. Plaintiff's First Amended Complaint alleges the correspondence and discovery sent to him are the purported actions that violated 15 USC §1692(e) and (f).

10. Essentially, The sole allegations contained in the First Amended Complaint, which Plaintiff claims gives rise to the myriad of violations of the FDCPA, is that the aforementioned correspondences and court filings somehow constitute, "misrepresenting the character, status of the debt; attempting to collect a debt not permitted by law; using false, deceptive or misleading representation or means to collect or obtain information concerning a consumer;

and engaging in conduct to harass and oppress a consumer." (First Amended Complaint at Para. 27.) As provided below, the Notice of Assignment, Appearance, and Designation of E-Mail Address is purely informational and contain no specific details about the underlying judgment and no request for payment and cannot be considered a debt collection attempt.

11. As further provided below, basing such violation on the act of forwarding post-judgment discovery after the court entered a dismissal of the matter under small claims rule 7.110(e) is inappropriate. Once a final judgment is entered, the court lacks jurisdiction to dismiss the matter, and therefore the dismissal was void and had no effect.

12.  Even in the event that the court were to find that the dismissal was valid, the dismissal does not act as a satisfaction or vacation of the final judgment and therefore it is not a violation of the FDCPA to undertake post-judgment Discovery of a valid judgment.

13. The final alleged violation is that "Shafritz falsely represented that it attempted to confer in good faith with Rivera regarding the discovery responses." in the motion to compel. (Amended Complaint Para 20)

14.  The actual language in Paragraph 3 of the Motion to Compel is "Plaintiff sent Defendant a letter requesting the Defendant, to commit to serving answers to the outstanding discovery requests within ten (10) days to avoid the necessity of this motion. Defendant has ignored that request."   A copy was attached to Defendant's Motion to Dismiss Complaint, and another copy is attached hereto as **Exhibit "A."** Even reading the facts as complained in the complaint as truthful, this is not a violation of the FDCPA.   The alleged violation is

immaterial and therefore not a violation of the FDCPA.

## **ARGUMENTS**

Pursuant to Fed.R.Civ.P 12(b)(6) Defendant moves to dismiss Plaintiff's Amended Complaint, and in support thereof, argues that Plaintiff's claims under §1692(e) and (f) fail to state a cause of action, and plaintiff fails to allege subject-matter jurisdiction pursuant to Art III. To avoid dismissal under Rule 12(b)(6), the factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed. 929 (2007). The plaintiff's obligation to provide such grounds for relief in the Complaint cannot be satisfied by mere labels and conclusions, or a formulaic recitation of the elements of a cause of action. *Id*. While the pleading standard in Rule 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed me accusation." Ashcroft v. Iqubal, 129 S.Ct. 1937, 1949 (2009).

In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet ... is inapplicable to legal conclusions." *Id*. The Court must dismiss a cause of action when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. Of Educ. V. Marshall Cnty Gas Dist.*, 992 F2d 1171, 1174 (11th Cir. 1993).

While the *Twombly* plausibility standard does not prevent a plaintiff from pleading facts alleged upon information and belief, the belief must be based on factual information that makes the inference of culpability plausible. *Arbitron, Inc. v. Renda Broadcasting Corp.*, 2014 WL 1268587 *3 (M.D. Fla. 2014). In adjudicating a Rule 12(b)(6) motion, the Court can consider not only the complaint but also any exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon these documents. *See, e.g.*, *Mayer v. Belichick*,

605 F.3d 223, 230 (3d Cir. 2010). Further "[w]hen considering a Rule 12(b)(6) motion to dismiss, a court ordinarily must "not consider anything beyond the face of the complaint and documents attached thereto. However, an exception to this rule lies where (1) the defendant attaches a document to its motion to dismiss, (2) the plaintiff incorporates or refers to the document in its complaint, (3) the document is central to the plaintiff's claims, and (4) the plaintiff does not challenge the authenticity of the document. When all four of these conditions are met, the court may, in its discretion, consider the extrinsic document when ruling on the defendant's motion to dismiss, and may do so without first converting the motion into one for summary judgment." *N. Brevard Hosp. Dist. v. McKesson Techs., Inc.*, No. 6:16CV637-ORL-DCI, 2017 WL 951672, at *3 (M.D. Fla. Mar. 10, 2017)"

**<u>Plaintiff fails to allege a violation under FDCPA</u>**

### I.  Failure to Allege Violation of §1692f

The First Amended Complaint contains a conclusory statement that Defendants' efforts violate §1692f. (Amd. Comp. at para 27.) However, there are no allegations of fact contained anywhere in the Amended Complaint that are connected in anyway with the prohibited actions listed in §1692f which are:

  a.  The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

  b.  The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing

of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

c.  The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.

d.  Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

e.  Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.

f.  Taking or threatening to take any non-judicial action to effect dispossession or disablement of property if—

   i.   there is no present right to possession of the property claimed as collateral through an enforceable security interest;

   ii.  there is no present intention to take possession of the property; or

   iii. the property is exempt by law from such dispossession or disablement.

g.  Communicating with a consumer regarding a debt by post card.

h.  Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

The code section also contains a "catch-all" provision that "generally prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." *Miljkovic v. Shafritz and Dinkin, PA* 791 F.3d 1291, 1308 (11th Cir, 2015). The Court further explained that in the context of §1692f, "A catch-all is not a free-for-all." *Id.* See also, *Pack v. Unifund CCR Partners, G.P.*, 2008 WL 686800 *2 (M.D. Fla. 2008) ("As Defendants correctly point out, Plaintiff fails to state the specific subsections of §§ 1692e and 1692f that Defendants allegedly violated). Further, Plaintiff would still be required to allege facts showing that Defendant's action, of sending the Notice of Assignment, Appearance, and Designation of E-Mail Address and post-judgment discovery in aid of execution, was somehow unjust, unscrupulous and/or unethical. As Plaintiff has utterly failed to allege the occurrence of any of the above referenced conduct, Defendant is left to guess what conduct Plaintiff alleges violated this section.

Defendants raised this argument in their Motion to Dismiss Plaintiff's original Complaint. However, in its ruling on that Motion, the Court did not address Defendant's argument, nor did the Court's prior Order indicate that the Complaint contained sufficient averment so as to apprise Defendants as to what the offending conduct was.

Further, the Court has previously held that it is impermissible to base a general cause of action under §1692f for the same or duplicative facts upon which a plaintiff bases other violations of FDCPA. "The general §1692f claim is therefore duplicative of the §1692f(1) claim and is due to be dismissed. See *Taylor v. Heath W. Williams, LLC*, 510 F.Supp.2d 1206, 1217 (N.D.Ga.2007) ("A complaint will be deemed deficient under [§ 1692f] ... if it does not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA."); see also *Reese v. JPMorgan Chase Co.*, 686 F.Supp.2d 1291, 1309 (S.D.Fla.2009) ("A complaint warrants dismissal if a plaintiff fails to specifically identify how the conduct was unfair or

unconscionable under 15 U.S.C. § 1692f."). *Carey v. Pinnacle Credit Servs., LLC*, No. 6:13-CV-426-ORL-37TB, 2014 WL 54115, at *2 (M.D. Fla. Jan. 7, 2014). See also, *Delia v. Ditech Financial, LLC*. No. 6:16-CA-1901-ORL-31DCI, 2017 WL 2379819 (M.D. Fla. June 1, 2017).

Plaintiff failed to allege any additional facts upon which an FDCPA claim may rely, and his claim under §1692f is duplicative of the other supposed violations. Based upon this Court's previous holding regarding such pleading, same should be dismissed, as the First Amended Complaint fails to contain sufficient factual content to state a cause of action under §1692f.

## II. Failure to Allege Violation of §1692e

The First Amended Complaint provides a conclusory averment that Defendants violated §1692e by filing and serving a Notice of Assignment, Appearance, and Designation of E-Mail Address, and propounding discovery upon Plaintiff. Plaintiff fails to sufficiently allege what communication actually violates FDCPA.

From the averments of the First Amended Complaint, Plaintiff alleges all communications from Defendants were in writing, and indicates that same were sent by mail. However, Plaintiff utterly fails to aver what communication actually sought to collect on a debt in violation of FDCPA. Courts have routinely held that simple communications do not give rise to claims under FDCPA. Rather, there must be some attempt to collect a debt before triggering relief under FDCPA.

"The FDCPA does not explain what is meant by "in connection with the collection of any debt," and the Eleventh Circuit has not established a bright-line rule. Nevertheless, "courts have developed a factor-based analysis that takes into account: '(1) the nature of the relationship of the parties; (2) whether the communication expressly demanded payment or stated a balance due;

(3) whether it was sent in response to an inquiry or request by the debtor; (4) whether the statements were part of a strategy to make payment more likely; (5) whether the communication was from a debt collector; (6) whether it stated that it was an attempt to collect a debt; and (7) whether it threatened consequences should the debtor fail to pay.' " *McElveen v. Westport Recovery Corp.*, 310 F. Supp. 3d 1374, 1380 (S.D. Fla. 2018)(citing *Bohringer v. Bayview Loan Servicing, LLC*, 141 F.Supp.3d 1229, 1240–41 (S.D. Fla. 2015).) "Importantly, courts have found that letters sent for informational purposes, such as those "sent in response to correspondence or an inquiry from a debtor are communications induced by the debtor and not the debt collector. Thus, they do not fall within the ambit of the FDCPA." *Id.* (Citing *Dyer v. Select Portfolio Servicing, Inc*., 108 F.Supp.3d 1278, 1283 (M.D. Fla. 2015)). See also *Goodson v. Bank of America, N.A.,* 600 Fed.Appx. 422, 434 (6th Cir. 2015); *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011). A letter constitutes an attempt to collect a debt if it makes demand for payment. *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211(11th Cir. 2012); See also *Helman v. Udren Law Offices, P.C.*, 85 F. Supp. 3d 1319 (S.D. Fla. 2014). A letter that did not demand payment or discuss specifics of the underlying debt, like a notice of assignment or transfer of servicing does not constitute a communication for debt collection purposes under FDCPA. *Parker v. Midland Credit Mgmt., Inc.*, 874 F. Supp. 2d 1353 (M.D. Fla. 2012). Where "there was no reference to the amount owed, no implicit or explicit demand for payment, and no discussion of the repercussions if payment was not tendered" such letter was not considered as an attempt to collect a debt. *Pinson v. Albertelli Law Partners LLC*, 618 F. App'x 551, 553–54 (11th Cir. 2015).

Additionally, Plaintiff fails to allege which section of 1692e was violated. This is a paramount issue as the failure to do so causes prejudice to Defendant's by frustrating their ability

to adequately understand that action against them Further Courts have stated that such averment is necessary. "Plaintiff's vague reference to entire statutes and mere recitation of elements do not provide the required short and plain statement of the claim showing the pleader is entitled to relief, or give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Mesa v. Law Enf't Sys., LLC*, No. 15-21089-CIV, 2015 WL 12804525, at *4 (S.D. Fla. Aug. 4, 2015) (internal citations omitted) See also, *Pack v. Unifund CCR Partners, G.P. Supra.*

Here, the documentation of communications purportedly sent by Defendants, and attached to the First Amended Complaint is completely devoid of any language that could be construed as an attempt to collect a debt. Concerning the State Court judgment against Plaintiff, he attached a copy of the Notice of Dismissal for want of prosecution, a copy of the Notice of Assignment, Appearance, and Designation of E-Mail Address, and a copy of the Memorandum of Disposition. Neither of these documents include any indication that Defendants are or were demanding payment of a debt. Plaintiff does include a naked conclusion that "On April 12, 2018, **attempting to collect the debt**, Shafritz sent Rivera discovery in aid of execution…" First Amd. Comp. at Para 18 (emphasis added). Plaintiff fails to allege any specifics of the communication that there was a demand for payment, that any specifics of the amounts owed, payment arrangements, or otherwise was included in the communication. Rather, Plaintiff relies upon the sole, self-serving, and conclusory averment that such communication was done as an attempt to collect a debt.  .

Plaintiff also attempts to conjure a violation of FDCPA based upon his averment that Defendants "falsely represented that it attempted to confer in good faith with Rivera regarding the discovery responses." (Amended Complaint at para. 20.) However, such averment is patently immaterial and irrelevant.  Plaintiff cannot have the requisite foundation to be in a position to

make such averment, nor could he amend such averment to correct these deficiencies.  It is important to note again that the Motion to Compel Discovery Responses in Aid of Execution states, "Judgment Assignee sent a letter to Defendant, to commit to serving answers to the outstanding discovery requests within ten (10) days to avoid the necessity of this Motion. Defendant has ignored that request." There is nothing in the language of the Motion to Compel indicating that such letter could fall within the scope of 1692e, as the averment is narrowly focused on the outstanding discovery. Plaintiff fails to aver that the State Court entered an Order granting the Motion to Compel, for which Plaintiff took no steps to seek reconsideration, or appeal. It is contradictory for Plaintiff to now claim a falsehood of the motion, yet he took no steps to remediate such perceived error. Lastly, as stated above, Plaintiff cannot have the knowledge to make such averment now. While he may allege that such letter was not received, same would be a far cry from scandalously averring that Defendants perpetrated some sort of fraud on the State Court by including a false averment in the Motion to Compel.

As provided above, this Court when ruling on a Motion to Dismiss, this Court must only rely upon factual allegations contained in the Amended Complaint, the documents attached thereto, as well as matters of public record or referred to by Plaintiff. This Court may not make inferences based upon mere conclusions. The documents attached to the First Amended Complaint clearly lack any indication of communication in attempt to collect upon a debt. Further, Plaintiff only alleges a mere conclusion that Defendants attempted to collect a debt.

**III.    Plaintiff's cause of action is based upon purported actions in contravention to a void Order of Dismissal which cannot form the basis for a claim under FDCPA.**

As expressed in the First Amended Complaint, Plaintiff alleges Defendants communicated with him in an attempt to collect on a debt which was  dismissed by the State

Court after judgment was entered. However, the Order of Dismissal which Plaintiff relies upon was a void Order having no effect upon Defendant's rights to enforce the judgment.

In Florida, Courts have previously ruled, "After rendition of a final judgment, the trial court loses jurisdiction over the case except to enforce the judgment and except as provided by rule 1.540." *Bank One, NA v.* Batronie, 884 So.2d 346, 348 (Fla. 2d DCA, 2004)(relying on *Maresca v. Olivo*, 819 So.2d 855, 857 (Fla. 5th DCA 2002); *Francisco v. Victoria Marine Shipping, Inc.,* 486 So.2d 1386, 1389 (Fla. 3d DCA 1986). The Rule is substantially similar to Rule 7.190 of the Florida Small Claims Rules, for which the undersigned candidly admits there is scant available case law.

Further, Rule 7.110(e) of The Florida Small Claims Rules and Rule 1.420(e) of the Florida Rules of Civil Procedure concern dismissal of actions based on lack of prosecution. Rule 7.110(e) Fl.S.C.R. contains a similar rule to that of 1.420(e)Fl.R.C.P. with the only difference being the requirement for timely record activity is six months as opposed to ten months, and 30 days notice of lack of record activity as opposed to 60 days. Courts have stated that the purpose of Rule 1.420(e) is to prevent cases from languishing without forward movement, and it would contradict the purpose of the Rule to permit dismissal after judgment is entered. See *Park Fin. of Broward, Inc. v. Jones*, 94 So. 3d 617, 618-19 (Fla. 4h. 2011)("[T]he purpose behind rule 1.420(e) is not implicated once a final judgment has been entered… In the typical civil action where a final judgment for money damages has been entered, application of rule 1.420(e) would have the effect of nullifying an otherwise valid judgment."); *Ravel v. Ravel* 326 So.2d 223, 224 (Fla. 2d, 1976)(disapproved on other grounds)("[T]he rule only requires the dismissal of a case which has not been prosecuted toward final judgment for the requisite period of time. Once final judgment has been entered the rule no longer applies."); *Riesgo v. Weinstein*, 523 So.2d 752 (Fla.

2d DCA 1988). As the Florida Supreme Court has stated, "The purpose of Rule 1.420(e) is to encourage prompt and efficient prosecution of cases and to clear trial dockets of litigation that essentially has been abandoned." *Barnett Bank of E. Polk Cty. v. Fleming*, 508 So. 2d 718, 720 (Fla. 1987). It is clear that once judgment is entered, and there is no further adjudication for Court to make regarding the underlying cause of action, that an action has reached its prosecutorial completion.

It would be anathema to the above cited rules to permit a dismissal for want of prosecution after judgment was entered, and any post-judgment Order of dismissal pursuant to those rules would be, by definition, a nullity and void. Further, pursuant to Florida jurisprudence, upon entry of judgment, the Court loses jurisdiction to enter further orders except those pursuant to Rule 1.540.

There is plenary authority, that under Florida Law, "by definition, a void order "is a nullity." *McMurrer v. Marion Cty.*, 936 So. 2d 19, 21 (Fla. 5h DCA 2006)(citing *Goolsby v. State*, 914 So. 2d 494, 496–97 (Fla. 5h DCA 2005)("A void order has no force or effect and is a nullity."); De La Osa v. Wells Fargo Bank, N.A., 208 So. 3d 259, 263 (Fla. 3d DCA 2016). It is not contempt to disobey a void order. See, *Synchron, Inc. v. Kogan*, 757 So. 2d 564, 566 (Fla. 2d DCA 2000). Thus, under Florida Law, a purported actions in contravention to a void Order cannot be actionable, as same would in effect punish disobedience to nothing.

This Court has similarly followed, "If a court order issues without personal or subject matter jurisdiction, the decree may be violated without incurring the penalty of criminal contempt. In such a case, the original order is deemed a nullity, and the accused contemnor cannot be fairly punished for violating nothing at all. *In re Establishment Inspection of Hern Iron*

*Works, Inc.*, 881 F.2d 722, 726–27 (9th Cir. 1989)(internal citations omitted); See *In Re Novak* 932 F.2d 1397 (11th Cir. 1991).

Here, Plaintiff bases his action upon a claim that Defendants attempted to collect on a judgment after the entry of an order of dismissal for want of prosecution well after judgment was entered. It is clear the improvident Order was entered without the requisite jurisdiction to enter such an Order. Thus, Plaintiff avers that Defendants failed to adhere to a nullity. Both Florida Courts and this Court have previously held that a party cannot be punished for violating nothing at all.

Defendants further posit that there is no possibility that Plaintiff may aver alternate facts which would alter the analysis as to the voidness of the Order of Dismissal for want of prosecution. This Court has previously held that, "A district court need not, however, allow an amendment … or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (referring to *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).) As any further amendment of Plaintiff's Complaint could not present sufficient factual averments to correct the deficient cause of action, this Court should dismiss Plaintiff's action with prejudice.

**IV.     Alternatively, Plaintiff fails to aver the subject debt was not owed or that the conduct is "materially misleading."**

This Court relatively recently stated, "The FDCPA prohibits a debt collector from using false, misleading, or deceptive representations in connection with the collection of a debt, including a false representation of "the character, amount, or legal status of any debt." However, Courts throughout the country have consistently held that only material misrepresentations constitute a violation of the FDCPA" *Rivas v. Midland Funding LLC*, 398 F. Supp. 3d 1294,

1304 (S.D. Fla. 2019)(relying on 15 U.S.C. § 1692e(2)(A); *Anselmi v. Shendell & Assocs., P.A.*, No. 12-61599-CIV, 2015 WL 11121357, at *6 (S.D. Fla. Jan. 7, 2015) (citing *Miljkovic v. Shafritz & Dinkin, P.A.*, No. 8-14-CV-635-T-33TBM, 2014 WL 3587550, at *8 (M.D. Fla. July 18, 2014), aff'd on other grounds, 791 F.3d 1291 (11th Cir. 2015) ("[T]o state a § 1692e claim, the plaintiff must allege that the conduct was materially misleading"); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010) (concluding that false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under section 1692e); *Hahn v. Triumph P'ships, LLC*, 557 F.3d 755, 758 (7th Cir. 2009) ("[A] statement cannot mislead unless it is material, so a false but nonmaterial statement is not actionable" under the FDCPA.); *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009) (concluding that a false but non-material statement is not actionable under § 1692e); *Maynard v. Cannon*, 401 F. App'x 389, 397 (10th Cir. 2010) (stating the "FDCPA does not result in liability for every statement later alleged to be inaccurate, no matter how small or ultimately harmless."); *Gabriele v. Am. Home Mortgage Servicing, Inc.*, 503 F. App'x 89, 94-96 (2d Cir. 2012) (collecting cases).

In his Amended Complaint, Plaintiff utterly fails to allege that the debt is not owed, or that Defendants made any misrepresentation as to the amount, nature, or character of the debt. Similarly, the Amended Complaint is devoid of averment of any threats of illegal action, or that any of the information communicated to Plaintiff was in any way false, let alone that any of the communications materially misrepresented the debt. As a violation of the FDCA requires not only a misrepresentation as to the debt, but that any such misrepresentation was "material," Plaintiff's Amended Complaint must fail.

It is also important to note, that even if the improper and void Order may make is seem

that the action had been dismissed, same does not equate to a posture that the debt is not owed. In similar situations, such as after the running of the Statute of Limitations or after a mistaken satisfaction of an instrument, there is a procedural impediment to collection of a debt. However, such impairment does not mean the debt no longer exists or that the debt has been paid.

In situations concerning the running of the Statute of Limitations, "[T]he majority of courts have held that when the expiration of the statute of limitations does not invalidate a debt, but merely renders it unenforceable…" *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011)(relying on *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir.2001) ("[I]n the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid."), *Wallace v. Capital One Bank*, 168 F.Supp.2d 526, 527–29 (D.Md.2001) (debt validation notices that were silent as to whether debt was time barred and which did not threaten collection action did not violate FDCPA), and *Shorty v. Capital One Bank*, 90 F.Supp.2d 1330, 1331–33 (D.N.M.2000) (sending of debt validation notice regarding time-barred debt did not violate the FDCPA).) Relatively recently, this Court has ruled that attempting to collect on a time-barred debt is not a *per se* violation of FDCPA, and that any such violation would still require a showing of deceptive or misleading means. See *Holzman v. Malcolm S. Gerald & Assocs., Inc.,* 920 F.3d 1264 (11th Cir. 2019).

Similarly, in situation involving mistaken satisfactions of instruments courts, including this Court, have ruled that such mistaken satisfactions do not affect the validity of debt, nor render same as being not owed. "Rather, mistaken satisfaction of a mortgage does not affect the validity of an unpaid secured note secured by a mortgage where no rights of innocent third parties have intervened." *In re Haas*, 31 F.3d 1081, 1086 (11th Cir. 1994). "Illinois treats a

mistaken release of a mortgage as ineffective between the mortgagor and mortgagee, although third parties that rely on the mistake may obtain security given the apparent lack of a senior security interest." *Trinity 83 Dev., LLC v. ColFin Midwest Funding, LLC*, 917 F.3d 599, 603 (7th Cir. 2019) (internal citations omitted). Further, in Florida, the "unintentional renunciation of the note by way of the mistaken satisfaction of mortgage did not, and could not, have extinguished their rights under the note." *All Real Estate Title Servs., Inc. v. Minqh Quang Vuu*, 67 So. 3d 260, 262 (Fla2d DCA 2010).

As alleged in Plaintiff's Amended Complaint, there was a judgment entered against him. Subsequent to the entry of that judgment, there was a dismissal entered for want of prosecution. As shown above, that dismissal was tantamount to a nullity, and had no effect on the status of the judgment debt, Plaintiff's liability for that judgment debt, nor could such dismissal stand for the proposition that the judgment debt was no longer owed. Just as in circumstances were the Statute of Limitations has run, or there was a mistaken satisfaction of a debt recorded, with the instant judgment debt, there may have been a void Order of dismissal entered, but such Order could not affect the judgment debt.

### V.   Defendants have not materially misrepresented the legal status of the debt.

Plaintiff does attempt to construct a violation of FDCPA for actions to enforce a judgment based upon the erroneous Order of Dismissal well after said judgment was entered. However, such Order of Dismissal cannot change the legal status of the Judgment.

By definition, a judgment is an adjudication or decision of a Court, a final determination of any action or proceeding and disposes of the subject matter of the controversy or determines the litigation as to all parties on its merits. *Black's Law Dictionary* "Judgment" 4th Ed. 1968

(internal citations omitted.) Once rendered, "a judgment cannot be dismissed…" *Fed. Ins. Co. v. Empresas Sabaer, Inc.*, No. CIV. 12-1113 SCC, 2015 WL 1777897, at *1 (D.P.R. Apr. 20, 2015). It is well established that a judgment may either be satisfied or vacated. Otherwise same remains of record.      With regards to the State Court judgment entered against Plaintiff, once entered, there existed an adjudication against Plaintiff for the sums indicated in the judgment. In the First Amended Complaint, Plaintiff clearly acknowledges the Default Final Judgment entered against him, and fails to allege any satisfaction or order vacating said judgment. Rather, Plaintiff relies upon a void order of dismissal, which, by definition and analyzed above, cannot alter or affect the judgment. Thus, there is nothing in Plaintiff's First Amended Complaint averring a change in the validity of the judgment entered against him. As Plaintiff cannot cure this defect by amending his pleading, as provide above, Plaintiff's cause of action must be dismissed with prejudice.

WHEREFORE, Defendants DOVE INVESTMENT CORP, and SHAFRITZ & ASSOCIATES, PA, prays that this Court dismiss Plaintiff ERNESTO RIVERA's First Amended Complaint and action with prejudice for failure to state a claim upon which relief can be granted, that Defendant be awarded its costs and fees in this action, and that the Court grant any other relief that the Court deems equitable and just.

Respectfully submitted on behalf of Defendants,

Shafritz and Associates, P.A.

By: s/ Hugh Shafritz
Hugh B. Shafritz, Esq.
Attorney for Defendants
Florida Bar No.: 31372

Shafritz and Associates, P.A.
601 N. Congress Avenue, Suite 424
Delray Beach, FL 33445
561-278-7828
561-278-8658 – facsimile
pleadings@collectionslawfirm.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 26, 2020 I electronically filed the above foregoing **DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** with the Clerk of the U.S. District Court, using the CM/ECF system reflecting service of to be served on all parties of record.

SHAFRITZ AND ASSOCIATES, P.A.

*s/ Hugh Shafritz*

Hugh B. Shafritz, Esq.
Florida Bar No.: 31372
Shafritz and Associates, P.A.
601 N. Congress Avenue, Suite 424
Delray Beach, FL 33445
561-278-7828
561-278-8658 – facsimile
pleadings@collectionslawfirm.com

Exhibit "A"

IN THE COUNTY COURT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL ACTION

CASE NO.: 06-28887 SP23

CHASE BANK USA, N.A.

Plaintiff(s),

vs.

ERNESTO RIVERA

Defendant(s).
_____/

## JUDGMENT ASSIGNEE'S
## MOTION TO COMPEL DISCOVERY RESPONSES IN AID OF EXECUTION

Judgment Assignee, DOVE INVESTMENT CORP., moves this Honorable Court for an Order Compelling Defendant, ERNESTO RIVERA, to respond to Judgment Assignee's discovery requests in aid of execution and as grounds therefore would state:

1. The Judgment Assignee served on the Defendant, ERNESTO RIVERA, a Request for Production of Documents, and Interrogatories in Aid of Execution, in accordance with the Rules of Civil Procedure.

2. As of this date, the Defendant, ERNESTO RIVERA, has failed to file responses or objections to any of Judgment Assignee's discovery requests, and the time to do so has expired.

3. Judgment Assignee sent Defendant a letter requesting the Defendant, to commit to serving answers to the outstanding discovery requests within ten (10) days to avoid the necessity of this motion. Defendant has ignored that request.

4. According to Florida Rule of Civil Procedure 1.380(a)(4), if this Motion to Compel is granted, the court shall require Defendant to pay Judgment Assignee "the reasonable expenses incurred in obtaining the order that may include attorney's fees . . . ."

WHEREFORE, Judgment Assignee respectfully requests that this Court enter an Order: (1) directing the Defendant to serve answers, and not objections, to Judgment Assignee's Interrogatories In Aid of Execution, and to produce the documents named in the Request for Production In Aid of Execution within 10 days of the entry of this Court's Order; and (2) any such other and further relief the Court deems just and proper.



## CERTIFICATION OF ATTEMPT TO OBTAIN DISCOVERY
## WITHOUT RESORT TO COURT ACTION

I HEREBY CERTIFY that, pursuant to Rule 1.380(2) of the Florida Rules of Civil Procedure, Judgment Assignee, in good faith, has conferred or attempted to confer with Defendant in an effort to secure the aforementioned information without resort to Court action.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail and/or e-mail through the E-Portal on the date of E-Filing to: Ernesto Rivera at  15690 SW 143Rd Ave  Miami FL 33177-1058.

Shafritz and Associates, P.A.
601 North Congress Avenue, Suite 424
Delray Beach, Florida 33445
(561) 276-3421
E-Mail: pleadings@collectionslawfirm.com


By    s/ Hugh Shafritz_____
       Hugh Shafritz, Esquire
       Florida Bar No.: 31372

Miami-Dade_Rivera, Ernesto  MTC