UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number.: 19-20934–CIV–MARTINEZ-OTAZO-REYES

ERNESTO RIVERA,

    Plaintiff,
v.

DOVE INVESTMENT CORP., and
SHAFRITZ & ASSOCIATES, PA,

    Defendants.
    _____/

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss the First Amended Complaint, [ECF No. 30]. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants assert that Plaintiff's Amended Complaint fails to state a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). The Court has considered the Motion, Plaintiff's Response in Opposition thereto, [ECF No. 31], and is otherwise fully advised in the premises. The Court has also reviewed Court-ordered supplemental briefing on the Eleventh Circuit's recent decision in *Trichell v. Midland Credit Management, Inc.*, 964 F.3d 990 (11th Cir. 2020). After careful review, the Motion is denied.

    **I.**    **Factual Background**

On or about December 28, 2006, Chase Bank USA filed a collection complaint against Plaintiff in Florida state court. *See Chase Bank USA (NA) v. Ernesto Rivera*, Case No. 2006-028887-SP-23. On May 7, 2007, a default final judgment, amounting to $2,782.19, was entered against Plaintiff. On April 23, 2008, the state court entered an order dismissing the collection action for lack of prosecution.

Almost ten years later, on April 12, 2018, Defendant Shafritz entered a "Notice of Assignment, Appearance, and Designation of E-Mail Address" on behalf of Defendant Dove Investment Corporation, indicating that Dove was the assignee of the collection default judgment. In an attempt to collect the debt, Defendant Shafritz sent Plaintiff discovery in aid of execution, including fifty-six requests for production, fourteen interrogatories, and twenty-four requests for admissions. Approximately one month after propounding such discovery requests, Defendant Shafritz obtained an order vacating the state court's order of dismissal for lack of prosecution.

Plaintiff brings suit under the FDCPA, arguing that because the debt Defendants attempted to collect was dismissed ten years prior, Defendants knew or should have known that they did not have the right to attempt to collect the debt from Plaintiff at the time they did so. Therefore, according to Plaintiff, Defendants violated sections 1692e and 1692f of the FDCPA by: (1) misrepresenting the character or status of the debt; (2) attempting to collect a debt not permitted by law; (3) using false, deceptive or misleading representations or means to collect or obtain information concerning a consumer; and (4) engaging in conduct to harass and oppress a consumer. [ECF No. 1 at 3–4].

On April 22, 2019, Defendants filed a Motion to Dismiss Plaintiff's initial Complaint. [ECF No. 9]. The Court granted in part and denied in part Defendant's motion but permitted Plaintiff to file an Amended Complaint by a date certain. [ECF No. 23]. The Court dismissed the complaint in part for failure to allege any facts that would allow the Court to draw a reasonable inference that Defendant Dove meets the FDCPA definition of a "debt collector." [ECF No. 23 at 5]. The Court, however, denied dismissal of the entire complaint based on a failure to state a claim under § 1692e and § 1692f of the FDCPA. *Id*.

Plaintiff timely filed a First Amended Complaint, which included the same factual

allegations and alleged misconduct contained in the initial complaint. [ECF No. 24]. Defendants responded by filing another motion to dismiss, again alleging a failure to state a claim under § 1692e and § 1692f of the FDCPA. Defendant's recent Motion to Dismiss also contends Plaintiff failed to allege that Defendants' conduct was "materially misleading." [ECF No. 30 at 14].

On July 6, 2020, the Eleventh Circuit published its decision in *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990 (11th Cir. 2020). In light of such decision, the Court required the parties to file supplemental briefing to address Plaintiff's Article III standing. [ECF No. 34]. Both parties filed additional briefing, [ECF Nos. 35–36], and the Court will address Plaintiff's Article III standing in conjunction with Defendant's claims.

## II.   Legal Standard

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and the exhibits attached thereto, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity."). As a general rule, "[i]n ruling on a motion to

dismiss, the court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff." *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986). Nonetheless, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

### III. Discussion

The FDCPA is a consumer protection statute intended to "'eliminate abusive debt collection practices,' to ensure that 'debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged,' and 'to promote consistent state action in protecting consumers against debt collection abuses.'" *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1312–13 (11th Cir. 2015) (quoting 15 U.S.C. § 1692e). The Act regulates the conduct of debt collectors in part by granting consumers a private right of action against them. *See Kurtzman v. Nationstar Mortgage LLC*, 709 F. App'x 655, 658 (11th Cir. 2017); *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014).

Defendants' motion contains two general claims. First, they argue Plaintiff's First Amended Complaint fails to state a claim under § 1692e and § 1692f of the FDCPA because it does not allege enough facts to show Defendants violated the plain language of the FDCPA. Alternatively, Defendants argue that if the Plaintiff did allege enough facts, the conduct is not in and of itself a violation of the statute. Defendants' second argument tracks closely with the Article III standing issue addressed in the Court-ordered supplemental briefing, and so both points will be addressed together.

1. Plaintiff has Article III standing.

Because "standing is a threshold question that must be explored at the outset of any case," the Court addresses the issue first. Under settled precedent, the "irreducible constitutional

4

minimum" of standing consists of three elements: (1) the plaintiff must have suffered an injury in fact, (2) the defendant must have caused that injury, and (3) a favorable decision must be likely to redress it. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). As the party invoking federal jurisdiction, Plaintiff bears the burden of establishing facts that plausibly establish standing. *See id.* at 561.

The element at issue here is the first—injury in fact. "An injury in fact consists of 'an invasion of a legally protected interest' that is both 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Trichell*, at 990 (quoting *Lujan*, at 560–61). "Plaintiffs do not 'automatically satisf[y] the injury-in-fact requirement whenever a statute' grants them the right to sue; they still must allege a 'concrete' harm that is more than a 'bare procedural violation.'" *Cooper v. Atlantic Credit & Finance Inc.,* 822 F. App'x 951 (11th Cir. 2020) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016)). "A 'concrete' injury must be '*de facto*'—that is, it must be 'real, and not abstract.'" *Trichell*, 964 F.3d at 996 (quoting *Spokeo*, 136 S. Ct. at 1548). "As a general matter, tangible injuries qualify as concrete." *Id.* at 997. "Intangible injuries sometimes qualify as concrete, but not always." *Id.*

Plaintiff's Amended Complaint alleges injuries of mental anguish and emotional distress. The issue, therefore, is whether such allegations are sufficiently concrete to establish standing under Article III.

"To determine whether an intangible injury is sufficiently concrete, we must look to both history and the judgment of Congress." *Trichell,* 964 F.3d at 997. In *Trichell*, the Eleventh Circuit considered "whether the alleged intangible injury bears a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Id.* (internal quotations omitted). The Eleventh Circuit stated that the "common law comparison" to

5

FDCPA claims is "causes of action for fraudulent or negligent misrepresentation." *Id.* at 998. "A claim for fraudulent misrepresentation still requires the plaintiff to prove harm caused to him by his justifiable reliance upon the misrepresentation." *Id.* But generally, under the common law tradition, "there can be no recovery if the plaintiff is none the worse off for the misrepresentation, however flagrant it may have been." *Id.* (citations omitted).

As to guidance from Congress, "[t]he FDCPA's statutory findings contain one sentence identifying the harms against which the statute is directed: 'Abusive debt collection practices contribute to [a] number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.'" *Id.* (quoting 15 U.S.C. § 1692a). Additionally, the statute provides that a person may recover "any actual damage sustained by such person as a result of" an FDCPA violation, as well as "such additional damages as the court may allow." 15 U.S.C. § 1692k(a).

Plaintiff's injuries are intangible. At least one court in this Circuit has held post-*Trichell* and *Cooper* that allegations of emotional distress are sufficiently concrete to establish Article III standing under the FDCPA. *See Mraz v. I.C. Sys., Inc.*, 2:18-cv-254-FtM-38NPM, 2020 WL 5876947, at *2 (M.D. Fla. Oct. 2, 2020) (finding *Trichell* "inapposite" where plaintiff did "not rely on risk or informational injuries to confer standing" but rather alleged emotional distress). And, in light of the Eleventh Circuit's determination that "[a]ctual damages under the FDCPA include damages for emotional distress," this Court agrees. *See Minnifield v. Johnson & Freedman, LLC*, 448 F. App'x 914, 916 (11th Cir. 2011); *see also* 15 U.S.C. § 1692k(a)(1) (stating that plaintiffs may recover "any actual damage sustained" as a result of an FDCPA violation). Therefore, and without precedent holding otherwise, Plaintiff has standing.

2. <u>Plaintiff sufficiently states a claim for relief under §1692e and §1692f.</u>

The Defendants are steadfast in their belief that Plaintiff has failed to allege enough facts to support a claim for relief. The Court, however, has already determined that Plaintiff has sufficiently set forth enough facts to state a claim. Plaintiff has not changed the factual basis of the allegations in his Amended Complaint, and only corrected the deficient part of the pleading regarding Defendant Dove as a "debt collector."

As previously held:

> Assuming that Defendants are correct that the state court erred in dismissing the default judgment for want of prosecution, the issue is that at the time the discovery was propounded, the dismissal had not yet been vacated. Therefore, at that time, Defendants arguably did not have the right to pursue enforcement of the judgment. Asserting such a right when it did not exist at the time may very well constitute false, deceptive, or misleading communications, especially to the least sophisticated consumer.

[ECF No. 23 at 5]. The least sophisticated consumer should not be expected to know of the legal intricacies of Florida procedural law. Accordingly, and again, as previously held, "[a]t this juncture in the proceedings, and with all facts and inferences viewed in the light most favorable to Plaintiff, the Court finds that Plaintiff has stated sufficient facts to assert a claim under the FDCPA." *Id*.

## IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that

1. Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [ECF No. 30] is **DENIED**. Defendants shall file an answer to the Amended Complaint **on or before November 3, 2020.**

DONE AND ORDERED in Chambers at Miami Florida, this 23rd day of October, 2020.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record