**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:19-CV-20934-JEM**

| | |
|---|---|
| ERNESTO RIVERA | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| DOVE INVESTMENT CORPORATION | ) |
| AND | ) |
| SHAFRITZ AND ASSOCIATES, P.A. | ) |
| | ) |
|       Defendants | ) |
| _____ | / |

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

Your Defendants, Dove Investment Corporation ("Dove") and Shafritz and Associates, P.A. ("Shafritz") by and through counsel, Answer Plaintiff's First Amended Complaint and states as follows:

1. In answer to the allegations in Paragraph 1 of the First Amended Complaint, Defendants admit that Plaintiff has brought an action for violation of the Fair Debt Collection Practices Act but denies that they committed any violation of the law.

2. In answer to the allegations in Paragraph 2 of the First Amended Complaint, Defendants admit that Plaintiff has brought an action for damages but denies he is entitled to any damages.

3. The allegations in Paragraph 3 of the First Amended Complaint relate to jurisdiction for which an answer either admitting or denying the assertions is not required.

4. The allegations in Paragraph 4 of the First Amended Complaint relate to venue for which an answer either admitting or denying the assertions is not required.

5.      Upon information and belief, Defendants admit the allegations in Paragraph 5 of the First Amended Complaint

6.      Defendants are without sufficient information to admit or deny the allegations in Paragraph 6 of the First Amended Complaint.

7.      Defendants admit that, at times, Dove meets the definition of a debt collector as defined by the Fair Debt Collection Practices Act but is without sufficient information to admit or deny whether the obligation incurred by the Plaintiff was a consumer debt.

8.      In answer to the allegations in Paragraph 8 of the First Amended Complaint, Defendants aver that the webpage operated by Dove represents the best evidence of its contents.

9.      Defendants admit the allegations in Paragraph 9 of the First Amended Complaint.

10.     In answer to the allegations in Paragraph 10 of the First Amended Complaint, Defendant Shafritz admits that, at times, it is a debt collector as defined by the Fair Debt Collection Practices Act but is without sufficient information to admit or deny that the debt incurred by the Plaintiff was a consumer obligation.

11.     Defendants admit the allegations in Paragraph 11 of the First Amended Complaint.

12.     Defendants deny the allegations in Paragraph 12 of the First Amended Complaint.

13.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 13 of the First Amended Complaint.

14.     In answer to the allegations in Paragraph 14 of the First Amended Complaint, Defendants aver that the Court record represents the best evidence as to the contents of the collection case.

15.     In answer to the allegations in Paragraph 15 of the First Amended Complaint, Defendants aver that the Court record represents the best evidence of the entry of the default judgment.

16.     In answer to the allegations in Paragraph 16 of the First Amended Complaint, Defendants aver that the Court did not have authority to dismiss the case where a judgment had already been entered.

17.     Defendants admit the allegations in Paragraph 17 of the First Amended Complaint.

18.     Defendants admit the allegations in Paragraph 18 of the First Amended Complaint.

19.     In answer to the allegations in Paragraph 19 of the First Amended Complaint, Defendants aver that the Court, on its own volition, struck the Order of Dismissal on the grounds that it was void *ab initio*.

20.     In answer to the allegations in Paragraph 20 of the First Amended Complaint, Defendants admit that Shafritz filed a Motion to Compel Discovery Responses but otherwise denies all remaining allegations.

21.     Defendants deny the allegations in Paragraph 21 of the First Amended Complaint.

22.     Defendants deny the allegations in Paragraph 22 of the First Amended Complaint.

23.     Defendants deny the allegations in Paragraph 23 of the First Amended Complaint.

24.     Defendants deny the allegations in Paragraph 24 of the First Amended Complaint.

25.     In answer to the allegations in Paragraph 25 of the First Amended Complaint, Defendants reallege and incorporate by reference its answers to the preceding paragraphs.

26.     In answer to the allegations in Paragraph 26 of the First Amended Complaint, Defendants are without sufficient information as to whether the debt incurred by the Plaintiff was a consumer obligation subject to the Fair Debt Collection Practices Act.

27.     Defendants deny the allegations in Paragraph 27 of the First Amended Complaint.

28.     Defendants deny the allegations in Paragraph 28 of the First Amended Complaint.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint fails to set forth a cause of action for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing Article III of the United States Constitution.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of collateral estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of *res judicata*.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff can establish Defendants committed any violation of the Fair Debt Collection Practices Act, which they deny, their liability is excused because any violation was unintentional and occurred despite the adaptions of reasonable procedures designed to avoid such errors.

WHEREFORE, having fully answered the Complaint, Defendants ask that it be dismissed, with prejudice and that Plaintiff be required to its costs and expenses.

THE LAW OFFICES
  OF RONALD S. CANTER, LLC

/s/ Ronald S. Canter
Ronald S. Canter, Esquire, Bar #335045
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone:  (301) 424-7490
Facsimile:   (301) 424-7470
E-Mail:  rcanter@roncanterllc.com
*Attorney for Defendants Dove Investment*
*Corporation and Shafritz and Associates, P.A.*

400 S. Dixie Hwy #322
Boca Raton, Florida  33432
*Local Address*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by electronic notification via CM/ECF system on this 2nd day of November, 2020 to:

Hugh B. Shafritz, Esq.
Shafritz and Associates, P.A.
601 N. Congress Avenue, Suite 424
Delray Beach, FL 33445
pleadings@collectionslawfirm.com
*Attorney for Defendants*

Joey D. Gonzalez, Esq.
Joey Gonzalez, Attorney, P.A.
P.O. Box 145073
Coral Gables, FL 33114
Joey@joeygonzalezlaw.com

Leo Bueno, Esq.
Leo Bueno, Attorney, PLLC
P.O. Box 141679
Coral Gables, FL 33114
Leo@Buenolaw.com
*Attorneys for Plaintiff*

/s/ Ronald S. Canter
Ronald S. Canter, Esquire
*Attorney for Defendants Dove Investment*
*Corporation and Shafritz and Associates, P.A.*